# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL MALDONADO, | 1:12-cv-01330-GBC (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE REGARDING EXHAUSTION |
| v. | (Doc. 1) |
| FACILITY 4A MEDICAL, et al., | |
| Defendants. | |

## I. Factual and Procedural Background

Israel Maldonado ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On August 16, 2012, Plaintiff filed his original complaint. Doc. 1. On the third through sixth pages of his complaint, Plaintiff states that he has not completed exhaustion of administrative remedies to the highest level for all of his claims. Doc. 1 at 3-6. The Court further notes that: 1) his first claim takes place in April or May 2012; 2) the second claim takes place May 29, 2012 and; 3) the final claims stem from events which occurred on July 22, 2012. Doc. 1 at 3-6.

## II. Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

1

available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  The Court must dismiss a case without prejudice even when there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

Exhaustion is required regardless of the relief sought by the prisoner. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001).  A prisoner must "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).  A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies.  42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2011).  The process is initiated by submitting a CDC Form 602. *Id.* at § 3084.2.  Three levels of appeal are involved, including the first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* at § 3084.7.  Appeals must be submitted within thirty calendar days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* at §§ 3084.8.  CDCR also provides for expedited "emergency appeals."  Cal. Code Regs., tit. 15 § 3084.9(a); *see also* Cal. Code Regs., tit. 15 § 3084.2(e); Cal. Code Regs., tit. 15 § 3084.5(b)(2); Cal. Code Regs., tit. 15 § 3084.7(i)(5).  According to CDCR regulations, the emergency appeal process is to be used when:

> circumstances are such that the regular appeal time limits would subject the inmate or parolee to a substantial risk of personal injury or cause other serious and irreparable harm, the appeal shall be processed as an emergency appeal. Emergency circumstances include, but are not limited to:
>
> (A) Threat of death or injury due to enemies or other placement concerns.
> (B) Serious and imminent threat to health or safety.

Cal. Code Regs., tit. 15 § 3084.9(a)(1).  If it is determined that the grievance warrants the "emergency appeal," the administrative remedy process will be expedited with the first level waived

and the second level review completed within five working days. Cal. Code Regs., tit. 15 § 3084.9(a)(4).

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); *McKinney*, 311 F.3d at 1199-1201. "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones*, 127 S.Ct. at 918-19 (citing *Porter*, 435 U.S. at 524). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739 n.5).

As his administrative grievances are still pending, it appears that Plaintiff has filed this action prior to the exhaustion of his administrative remedies. The Court must dismiss a case without prejudice even when there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005). Because it is clear from the face of Plaintiff's complaint that he has not yet exhausted, this action should be dismissed. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . .").

### III. Conclusion and Order

Because it appears that Plaintiff has failed to exhaust administrative remedies, the Court HEREBY ORDERS: Within thirty (30) days of the date of service of this order, Plaintiff SHALL SHOW CAUSE why the action should not be dismissed for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated:   September 18, 2012

UNITED STATES MAGISTRATE JUDGE