UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL MALDONADO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FACILITY 4A MEDICAL, et al.,<br><br>　　　　　Defendants. | Case No.: 1:12-cv-01330-SAB (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>[ECF No. 7] |

Plaintiff Israel Maldonado is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the initial complaint in this action on August 16, 2012. A first amended complaint was October 15, 2012. For the reasons explained below, the first amended complaint must be dismissed, with leave to amend, for failure to state a cognizable claim.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

1  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## PLAINTIFF'S COMPLAINT

On May 29, 2012, Plaintiff was taken to the Outpatient Housing Unit ("OHU") without his consent. On June 1, 2012, although Plaintiff did not request to see a doctor, he was pepper sprayed and "shipped away" to the OHU without his consent. It took "hours" to get to the OHU, and Plaintiff was never given a shower after being pepper sprayed. As a result, he suffered first degree burns, lumps, bruises, and he suffered emotional and mental distress.

When Plaintiff returned from the OHU, he had to sleep on the floor in a cell with nothing other than a toilet and sink.

Based on the injuries Plaintiff's received on June 22, 2012, he was not provided medical treatment, beyond an ice pack he requested. Plaintiff was not treated for his swollen knee which was hit with an expandable baton. Plaintiff submitted an informal complaint and they engaged in

"reprisals" against him.  Plaintiff's daily intake of Tylenol was discontinued because of his complaint.  Plaintiff never received treatment for his knee and broken finger as ordered by the doctor.

In April 2012, a tuberculosis test was administered on Plaintiff with the use of a contaminated needle that had just been used on Plaintiff's neighbor.  Plaintiff's inmate grievances regarding the incident were rejected and/or canceled.

## III.

## DISCUSSION

### A.   Section 1983 Liability

Under federal notice pleading, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Factual allegations are accepted as true but legal conclusions are not, and Plaintiff is required to present factual allegations sufficient to state a plausible claim for relief.  Iqbal, at 677-679; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, at 677-679; Moss, at 969.

### B.   Joinder of Multiple Claims and Defendants

Federal Rules of Civil Procedure 18(a) states that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or as alternative claims, as many claims as it has against an opposing party."  Although multiple claims against a single party are fine, different claims against different defendants should not be joined.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The fact that claims are premised on the same type of constitutional violation(s) (e.g. deliberate indifference) against multiple defendants does not make them factually related.  Claims are related

when they are based on the same precipitating event or on a series of related events caused by the same precipitating event. Unrelated claims involving multiple defendants belong in different suits. Id.

Furthermore, multiple defendants are limited by the requirement of Federal Rule of Civil Procedure 20(a)(2) that the right to relief arise out of common events and contain common questions of law or fact. Fed. R. Civ. P. 20(a)(2).

In this instance, Plaintiff's complaint details different encounters with prison officials, all giving rise to claims for relief. Plaintiff will not be permitted to pursue unrelated claims in this action. In amending, Plaintiff should determine which related claims he wishes to pursue and re-allege those claims only. If Plaintiff's amended complaint also violates Rule 18(a) despite this admonition, the Court will decide which claims shall proceed.

### C. Linkage Requirement

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate a link between actions or omissions of each named defendant and the violation of his rights; there is no *respondeat superior* liability under section 1983. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

### D. Doe Defendants

"Doe" defendant liability must also be properly alleged. A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different specific person. Plaintiff also must identify how each such named Defendant, including those named as Doe, is liable for a constitutional violation. Dempsey v. Schwarzenegger, No C-09-2921 JSW (PR), 2010 WL 1445460, *2 (N.D. Cal. Apr. 9, 2010).

In the first amended complaint, Plaintiff lists only "Facility 4A/Medical" as Defendant(s) in this action. If Petitioner files a second amended complaint, he must allege specific acts attributable to

each of the Doe Defendants, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y." Alexander v. Tilton, No. 1:07-cv-00759-LJO-DLB, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

### E.  Applicable Legal Standards

Based on Plaintiff's allegations, Plaintiff is attempting to pursue federal claims for use of excessive force, inhumane conditions of confinement, and deliberate indifference to a serious risk of substantial harm. Provided below are the applicable legal standards for those claims. Plaintiff is warned that if he fails to allege sufficient facts to state plausible claims for relief and/or fails to allege sufficient facts linking the named defendants to the violation of his rights, his claims will be subject to dismissal.

### F.  Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Here, Plaintiff's allegations are insufficient to state a cognizable claim. In the amended complaint, Plaintiff alleges only that he was "pepper sprayed" and shipped away to the OHU without a shower to decontaminate from the spray. As a result, Plaintiff alleges he suffered first degree burns and bruises. Plaintiff does not provide sufficient factual details regarding the use of pepper spray, such as the events immediately leading up to the use of the spray, the amount and duration of the force

applied, and his response thereto. See Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009) (no excessive force against inmate when guards deny inmate's request for pain medication, and administer a single shot of pepper spray, as a proportionate response when inmate becomes agitated and refuses to obey orders). Furthermore, the amended complaint contains contradictory statements as to the date the alleged incident occurred. Plaintiff initially references that the incident occurred June 1, 2012, and later contends it occurred on June 22, 2012. (Amd. Compl. at 3-4.) The Court will grant Plaintiff an opportunity to amend this claim to cure the deficiencies if he can do so.

### G.     Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

1    Plaintiff makes vague reference to the fact that when he returned from the OHU, he was
2 required to sleep on the floor in a cell that had nothing other than a toilet and a sink. While this may
3 give rise to a cognizable Eighth Amendment violation, Plaintiff does not allege facts as to the
4 circumstances, nature, and duration of his confinement in this cell. A lack of sanitation that is severe
5 or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment. See
6 Johnson, 217 F.3d at 732-733 (prisoner's allegations that they did not receive adequate access to
7 toilets, and then were not allowed to clean themselves after, if believed, is sufficiently serious to
8 satisfy objective component); see also Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir.
9 1995) (a lack of sanitation that is severe or prolonged can constitute an infliction of pain within the
10 meaning of the Eighth Amendment.) Plaintiff has presented no facts as to why he was housed in the
11 cell or the duration of his confinement in the cell. Plaintiff has thus failed to allege an objectively
12 serious deprivation. In addition, Plaintiff has also failed to demonstrate that any prison official acted
13 with a sufficiently culpable state of mind, that of "deliberate indifference." Johnson, 217 F.3d at 733.
14 Accordingly, Plaintiff will be given the opportunity to amend this claim.

**H.    Deliberate Indifference to Serious Medical Need**

16    For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a
17 serious medical need by demonstrating that failure to treat [his] condition could result in further
18 significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's
19 response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (citing
20 Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a
21 purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused
22 by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of
23 mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v.
24 McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680
25 F.3d at 1122.

    1.    Denial of Adequate Medical Treatment of Injuries

27    Plaintiff contends that he was denied proper medical treatment for the injuries he sustained as a
28 result of the cell extraction. Plaintiff contends he was only given an ice pack after his request, and he

was never provided any bandit support for his swollen and bruised knee, and his prescription for Tylenol was discontinued in retaliation for filing a complaint. Plaintiff further contends his broken finger was never treated. Plaintiff indicates that on July 26, 2012, he did not get to see a specialist for his broken finger, and, on August 24, 2012, he was allowed to see a doctor but he declined because the pain was already gone and there was no need for the appointment.

Plaintiff's allegations fail to state a cognizable Eighth Amendment violation. First, Plaintiff fails to demonstrate a serious medical need to support his claim that he was denied treatment for his swollen and bruised knee and discontinued prescription for Tylenol. Second, although Plaintiff claims he was not provided treatment for his broken finger, he later acknowledges that he was allowed to see a specialist on August 24, 2012, but he refused because the pain was done. Plaintiff has failed to demonstrate that any delay in treatment was deliberate, and the amount of any delay in treatment is not stated. Plaintiff alleges no facts to support that any individual was deliberately indifferent. Accordingly, Plaintiff will be given the opportunity to amend this claim.

2. Use of Contaminated Need for Tuberculosis Testing

Plaintiff contends that he was administered a tuberculosis test by a nurse with a contaminated needle that she had just used on another inmate. In order for Plaintiff to state a cognizable claim, he must amend to link a particular defendant by either name or "Doe" reference, and indicate the nature and extent of any injuries he suffered as a result of the testing. Wilhelm, 680 F.3d at 1122. Accordingly, Plaintiff will be given the opportunity to amend this claim.

**I.     Retaliation**

Plaintiff makes vague reference to the fact that his prescription for Tylenol was discontinued in response to his filing a complaint against staff regarding his medical treatment.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected

conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Although Plaintiff claims his prescription for Tylenol was discontinued as "reprisal" for filing a staff complaint, he fails to indicate that any individual knew about the complaint he filed, had any knowledge of Plaintiff's medical issues, or that any such individual had the authority to discontinue his medication. Accordingly, Plaintiff fails to state a cognizable retaliation claim and he will be given the opportunity to file amend the complaint.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are

///

waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed September 19, 2011, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **October 31, 2013**

UNITED STATES MAGISTRATE JUDGE